UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **DWAQUILLE RAHEEM JABAL,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CASE NO. 1:14-CV-0400-SLB-JHE |
| | ) |
| **W.T. TAYLOR, WARDEN,** | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

This case is presently pending before the court on Petition for Injunctive Relief Under 28 U.S.C. § 2241, filed by petitioner Dwaquille Raheem Jabal. (Doc. 1.)[1] Jabal subsequently amended and/or supplemented his Petition, (docs. 6, 10, 11, 20, 25), and respondent, Warden W.T. Taylor, has responded, (docs. 8, 23). Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that the Petition, as amended, is due to be denied based on the court's lack of jurisdiction.

## I. SECTION 2241 STANDARD

With regard to a § 2241 petition, the Eleventh Circuit has established the following:

> This Court . . . has recognized that a prisoner may file a petition under § 2241 challenging the *validity* of his conviction or sentence if his § 2255 motion was "inadequate or ineffective" to test the validity of his conviction or sentence. *See Bryant* [*v. Warden, FCC Coleman-Medium*], 738 F.3d [1253,] 1263 [(11th Cir. 2013)]. This conclusion stems from the so-called "Savings Clause" of § 2255, which provides:

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

> We have formulated a test for determining inadequacy or ineffectiveness where a petitioner claims he was sentenced above the statutory maximum. In *Bryant*, we held that in such circumstances, a prisoner may file a § 2241 petition challenging the validity of his sentence only if (1) during the pendency of the § 2255 petition, circuit precedent squarely foreclosed the argument being made in the § 2241 petition,[2] (2) subsequent to the § 2255 petition, the Supreme Court overturned that circuit precedent, (3) the new Supreme Court rule applies retroactively on collateral review, (4) the effect of the retroactive rule is that the prisoner has been sentenced above the statutory maximum authorized by Congress, and (5) the Savings Clause reaches the kind of claim raised by the petitioner. 738 F.3d at 1274. The chief benefit of the Savings Clause is that, contrary to § 2255(h)'s narrow grounds for filing a successive petition, a retroactive change in Supreme Court law that is not of a constitutional dimension can nonetheless provide relief to a prisoner. But the Savings Clause is a threshold jurisdictional inquiry – if a petitioner cannot satisfy the Savings Clause test, we lack jurisdiction to hear a § 2241 petition challenging the validity of a conviction or sentence. *See McCarthan v. Warden, FCI Estill*, 811 F.3d 1237, 1250 (11th Cir. 2016).

*Cortes-Morales v. Hastings*, 827 F.3d 1009, 1014-15 (11th Cir. 2016)(emphasis in original; footnote added). For the reasons set forth below, the court finds it does not have jurisdiction to hear Jabal's petition.

---

[2]Because Jabal was sentenced in the Middle District of Tennessee, he must establish that the precedent of the Sixth Circuit foreclosed his claim. *See*, *e.g.*, *Bruce v. Warden*, No. 15-12932, 2016 WL 4151194, *2, *4 (11th Cir. Aug. 5, 2016)(petitioner was convicted in a Tennessee federal district court; the Eleventh Circuit applied Sixth Circuit caselaw to determine whether claims raised in § 2241 petition were foreclosed).

## II. **BACKGROUND**

Jabal, who had six prior felony convictions – four for Class D burglary, was arrested in Nashville, Tennessee; at the time of his arrest, Jabal was carrying "a loaded semiautomatic pistol." *United States v. Jabal*, No. 10-5982, 1 (6th Cir. May 8, 2012)(unpublished; in the record at document 8-1); *Jabal v. United States*, No. 3:12-0896, 2013 WL 2297189, *1 (M.D. Tenn. May 24, 2013). Jabal pleaded guilty to one count of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). (Doc. 8-1 at 1.)[3] He was sentenced as an armed career criminal to 180 months of imprisonment. (*Id*. at 2.)

Jabal appealed and, "On appeal, [he] argue[d] that . . . a conviction under Tennessee's burglary statute is not a violent felony for the purposes of sentencing under the Armed Career Criminal Act ("ACCA"),." (Doc. 8-1 at 2.)[4] The Sixth Circuit affirmed. (*Id*. at 4.) It held:

> Tennessee Code Annotated Section 39-14-402 states in relevant part that:
>
> (a) A person commits burglary who, without the effective consent of the property owner:
>
> (1) Enters a building other than a habitation (or any portion thereof) not open to the public, with the intent to commit a felony, theft or assault;

---

[3]Citations to the pages of Sixth Circuit's opinion refer to the page numbers assigned to the opinion by the Sixth Circuit and not the page numbers assigned by the court's electronic filing system.

[4]Jabal also argued that "the determination of whether Tennessee's burglary offense is a violent felony should be made using deference to Tennessee's interpretation of the offense." (Doc. 8-1 at 2.)

> (2) Remains concealed, with the intent to commit a felony, theft or assault, in a building;
>
> (3) Enters a building and commits or attempts to commit a felony, theft or assault; or
>
> (4) Enters any freight or passenger car, automobile, truck, trailer, boat, airplane or other motor vehicle with intent to commit a felony, theft or assault or commits or attempts to commit a felony, theft or assault.
>
> \*\*\*
>
> (c) Burglary under subdivision (a)(1), (2) or (3) is a Class D felony.
>
> (d) Burglary under subdivision (a)(4) is a Class E felony.
>
> Because it is possible to violate § 39-14-402 in a way that does not amount to a violent felony, see § 39-14-402(a)(4), we focus our inquiry on whether Jabal "actually committed a generic burglary." *United States v. Caruthers*, 458 F.3d 459, 474 (6th Cir. 2006)(quoting *Taylor*, 495 U.S. at 599-600). "Where, as here, the burglary conviction[s] flow[] from a guilty plea, this inquiry 'is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Id*. (quoting *Shepard*, 544 U.S. at 26).
>
> Jabal was convicted four times for violating § 39-14-402. Each conviction classified the offense as a Class D felony. Tennessee's statutory definitions for Class D felonies substantially correspond to "generic" burglary. *See United States v. Anderson*, 923 F.2d 450, 454 (6th Cir. 1991); *United States v. Eason*, 643 F.3d 622, 624 (8th Cir. 2011), *cert. denied*, 132 S. Ct. 1053 (2012). Thus, the district court did not err in holding that Jabal qualified as an armed career criminal under the ACCA.

(Doc. 8-1 at 3-4.)

Following the Sixth Circuit's affirmance, Jabal filed a Motion to Vacate pursuant to § 2255, in which he argued that his counsel was ineffective for "induc[ing] Movant to plead

guilty with a promise of a 60 months sentence." *Jabal*, 2013 WL 2297189 at *1. Jabal alleges that he also had argued, "My State of Tennessee priors for burglary are 'non-violent' and 'non-qualifying' predicate offenses that were erroneously applied to support [an] ACCA enhancement that exceeds the statutory maximum authorized by Congress." (Doc. 1 at 5.) The record does not indicate that Jabal sought a certificate of appealability.

Jabal filed the instant Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 on March 7, 2014. (Doc. 1.) At the time he was imprisoned in this jurisdiction. (*Id*. at 1.) In his Petition, Jabal challenges the use of his prior burglary convictions as enhancements under the ACCA. (*Id*. at 7-8.) He has amended his Petition to raise a claim that his sentence is unconstitutional under *Johnson v. United States*, 135 S. Ct. 2551 (2015). (Doc. 20.)

### III. **DISCUSSION**

Jabal argues that he is entitled to habeas relief because his sentence was wrongfully enhanced under the ACCA based on his prior burglary convictions in Tennessee. The court disagrees and finds that it does not have jurisdiction to entertain his § 2241 petition.

To show that this court has jurisdiction to hear his § 2241 habeas petition, Jabal must demonstrate, *inter alia*, "that (1) throughout his sentencing, direct appeal, and first § 2255 proceeding, [the Sixth] Circuit's binding precedent had specifically addressed [Jabal's] distinct prior state conviction[s] that triggered § 924(e) and had squarely foreclosed [his] § 924(e) claim that he was erroneously sentenced above the 10-year statutory maximum penalty in § 924(a) [and] (2) subsequent to his first § 2255 proceeding, the Supreme Court

. . . overturned [the Sixth] Circuit precedent that had squarely foreclosed [Jabal's] § 924(e) claim." *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1274 (11th Cir. 2013).

> The ACCA states:
>
> (e)(1)  In the case of a person who violates section 922(g) of this title and has three previous convictions by any court . . . for a violent felony . . . committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .
>
> (2)  As used in this subsection –
>
> > . . .
> >
> > (B)  the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . . that –
> >
> > > (i)  has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> > >
> > > (ii)  is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

18 U.S.C. § 924(e). "The first prong of [the] definition [of a violent felony under the ACCA] is sometimes referred to as the 'elements clause,' while the second prong contains the 'enumerated crimes' and, finally, what is commonly called the 'residual clause.'" *United States v. Gundy*, No. 14-12113, ___ F.3d ___, 2016 WL 6892164, at *2 (11th Cir. Nov. 23, 2016)(citing *United States v. Owens*, 672 F.3d 966, 968 (11th Cir. 2012))(footnote omitted). The Supreme Court declared the residual clause to be unconstitutionally vague in *Johnson v. United States*, 576 U.S. ––––, 135 S. Ct. 2551, 2557-58, 2563 (2015).  However, it held that its "decision [did] not call into question application of the [ACCA] to the four

enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id*., 135 S. Ct. at 2563.

Jabal argues that his prior convictions for Class D burglaries under Tenn. Code § 39-14-402(a) were not violent felonies. (Doc. 1 at 7-8.) The record from the court of conviction contains evidence that Jabal was convicted of four Class D burglary convictions, each burglary was on an occasion different from one another. *United States v. Jabal*, No. 3:08-CR-0244, docs. 74 at 1-2, 74-1, 74-2, 74-3, and 74-4.

The Sixth Circuit, on direct appeal, held that Jabal's prior burglary convictions were for generic burglary, and, therefore, his distinct prior state convictions were for violent felonies under the enumerated-crimes clause of the ACCA. (Doc. 8-1 at 3-4.) It held:

> Jabal was convicted four times for violating § 39-14-402. Each conviction classified the offense as a Class D felony. Tennessee's statutory definitions for Class D felonies substantially correspond to "generic" burglary.[5] *See United States v. Anderson*, 923 F.2d 450, 454 (6th Cir. 1991); *United States v. Eason*, 643 F.3d 622, 624 (8th Cir. 2011),[6] *cert. denied*, 132 S. Ct. 1053 (2012). Thus, the district court did not err in holding that Jabal qualified as an armed career criminal under the ACCA.

---

[5]"Although the exact formulations vary, the generic, contemporary meaning of burglary contains at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 598 (1990)(citations and footnote omitted).

[6]The Eighth Circuit, addressing a prior Tennessee burglary conviction, held, "the Sixth Circuit, whose jurisdiction includes Tennessee, has repeatedly held that Tennessee burglary convictions are violent felonies under the Armed Career Criminal Act. *See United States v. Nance*, 481 F.3d 882, 888 (6th Cir.), *cert. denied*, 552 U.S. 1052, 128 S. Ct. 680, 169 L. Ed.2d 532 (2007); *United States v. Anderson*, 923 F.2d 450, 454 (6th Cir.), *cert. denied*, 500 U.S. 936, 111 S. Ct. 2062, 114 L. Ed. 2d 467 (1991)." *Eason*, 643 F.3d 622, 624 (8th Cir. 2011).

(*Id.* at 4 [footnotes added].)

Moreover, the Sixth Circuit has held, as late as December 2015, that a conviction for a Class D felony under Tennessee's burglary statute, Tenn. Code § 39-14-402(a)(1) to (a)(3), is categorically a conviction for generic burglary. *United States v. Priddy*, 808 F.3d 676, 684-85 (6th Cir. 2015). As the *Priddy* court explained:

> Because [Tenn. Code § 39-14-402)(a)] "list[s] potential offense elements in the alternative," it is divisible under *Descamps*. *See also United States v. Moore,* 578 F. App'x. 550, 553 (6th Cir. 2014)(finding that Tenn. Code Ann. § 39-14-402 is divisible under *Descamps* ); *Mitchell,* 743 F.3d at 1065 ("The ordinary use of the conjunction 'or' is almost always disjunctive, that is, the words it connects are to be given separate meanings" (citations and internal quotation marks omitted)).
>
> We find that the first three variants of Tennessee burglary, i.e., Tenn. Code Ann. § 39-14-402(a)(1), (a)(2), and (a)(3), qualify as generic burglary since they each involve "unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor,* 495 U.S. at 599, 110 S. CT. 2143. We also find that Tennessee burglary under § 39-14-402(a)(1) involves the "entry-into" variant of generic burglary since it substantially corresponds to *Taylor's* definition of generic burglary. Likewise, burglary under § 39-14-402(a)(2) tracks *Taylor's* definition of the "remaining-in" variant of generic burglary. And, burglary under § 39-14-402(a)(3) is also a "remaining-in" variant of generic burglary because someone who enters a building or structure and, while inside, commits or attempts to commit a felony will necessarily have remained inside the building or structure to do so. *See, e.g., Taylor,* 495 U.S. at 602, 110 S. CT. 2143 ("[A]n offense constitutes 'burglary' for purposes of [the ACCA] if either its statutory definition substantially corresponds to 'generic' burglary, or the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant.").
>
> On the other hand, the fourth variant of Tennessee burglary, i.e., Tenn. Code Ann. § 39-14-402(a)(4), does not qualify as generic burglary since the locations listed in that subsection of the statute are not buildings or structures. *See*, *e.g.*, *Shepard,* 544 U.S. at 15-16, 125 S. CT. 1254 ("The [ACCA] makes burglary a violent felony only if committed in a building or enclosed space

8

> ("generic burglary"), not in a boat or motor vehicle."); *Moore,* 578 F. App'x. at 553 (finding that burglary under Tenn. Code Ann. § 39-14-402(a)(4) does not qualify as generic burglary).
>
> The Tennessee burglary statute, however, provides an easier way to distinguish the variants of the offenses which are generic burglary – § 39-14-402(a)(1), (a)(2), and (a)(3) – from the variant which is not – § 39-14-402(a)(4). The statute labels violations of its first three subsections as "Class D felonies," Tenn. Code Ann. § 39-14-402(c), but labels a violation of the fourth subsection as only a "Class E felony," Tenn. Code Ann. § 39-14-402(d). *See also Moore,* 578 Fed. Appx. at 554 (noting the class of felony distinctions in the Tennessee burglary statute). Therefore, if the conviction records for a Tennessee burglary offense indicate that the defendant was convicted of a Class D felony, then that offense was necessarily a violation of Tenn. Code Ann. § 39-14-402(a)(1), (a)(2), or (a)(3) and, as a result, was a generic burglary under *Taylor*. *See id.* ("Because [the *Shepard* documents] indicate that Moore pleaded guilty to a Class D version of burglary . . . we can safely conclude that Moore must have been charged with violating subsection (a)(1), (a)(2), or (a)(3)."). *Id.*
>
> Here, both Defendant and the government agree that Defendant pleaded guilty to a Class D felony. Given this fact, we can safely conclude that Defendant must have been charged with violating subsection (a)(1), (a)(2), or (a)(3). However, Defendant argues that it is impossible to determine which precise subsection he violated. Ultimately, though, we conclude that it makes little difference. The important takeaway is that Defendant could not have pleaded guilty to violating subsection (a)(4) because a violation of that subsection is a Class E felony. Therefore, because each of those subsections qualifies as generic burglary under *Taylor,* Defendant's offenses were necessarily generic burglaries and, thus, violent felonies under the ACCA.

*Id.*

Based on Sixth Circuit precedent, Jabal's argument that his prior convictions for Class D burglaries do not count as violent felonies under the ACCA were squarely foreclosed throughout his sentencing, direct appeal, and first § 2255 proceeding. *See Bryant*, 738 F.3d at 1274. Therefore, the issue is whether any Supreme Court precedent, decided after his first

9

§ 2255 petition, overturned the Sixth Circuit precedent that foreclosed his ACCA claim. *See id.* The court finds no decision of the Supreme Court compels such a decision.

Recently, the Supreme Court stated:

> The Armed Career Criminal Act (ACCA or Act), 18 U.S.C. § 924(e), imposes a 15-year mandatory minimum sentence on certain federal defendants who have three prior convictions for a "violent felony," including "burglary, arson, or extortion." To determine whether a past conviction is for one of those offenses, courts compare the elements of the crime of conviction with the elements of the "generic" version of the listed offense – *i.e.*, the offense as commonly understood. For more than 25 years, our decisions have held that the prior crime qualifies as an ACCA predicate if, but only if, its elements are the same as, or narrower than, those of the generic offense.

*Mathis v. United States*, 136 S. Ct. 2243, 2247 (2016). As opposed to a "non-elemental fact," elements are "what a jury 'necessarily found' to convict a defendant (or what he necessarily admitted)." *Id.* at (citing *Descamps v. United States*, 133 S. Ct. 2276, 2287, 2290 (2013)). Moreover, facts that distinguish between different punishments are necessarily "elements." *Id.* at 2249 (describing a hypothetical situation when the modified categorical approach to a prior conviction is appropriate – describing a single statute that lists *elements* in the alternative "to create two different offenses, one more serious that the other"); *see also Apprendi v. New Jersey*, 530 U.S. 466, 482-83 and n.10 (2000)("facts that expose a defendant to a punishment greater than that otherwise legally prescribed were by definition 'elements' of a separate legal offense"). The Tennessee burglary statute lists four different offenses – three more serious than the fourth. Therefore, the Tennessee burglary statute is divisible. *United States v. Moore*, 578 Fed. Appx. 550, 553 (6th Cir. 2014)(citing *Descamps*, 133 S. Ct. at 2283), *cited in Priddy*, 808 F3d at 684. The Class D offenses, Tenn. Code §

10

39-14-402(a)(1) to (a)(3), are generic burglary, and the Class E offense, § 39-14-402(a)(4), is not generic burglary. *Priddy*, 808 F.3d at 685 ("Therefore, if the conviction records for a Tennessee burglary offense indicate that the defendant was convicted of a Class D felony, then that offense was necessarily a violation of Tenn. Code Ann. § 39-14-402(a)(1), (a)(2), or (a)(3) and, as a result, was a generic burglary under *Taylor*.")(citing *Moore*, 578 Fed. Appx. at 553).

Jabal's four prior convictions for Class D burglaries are "violent felonies" under the enumerated-crimes clause of the ACCA. With four convictions for violent felonies, Jabal was properly sentenced as an armed career criminal.

Jabal cites the court to *Begay v. United States*, 553 U.S. 137 (2008), and *Descamps v. United States*, 133 S. Ct. 2276 (2013), as Supreme Court decisions that overturned circuit precedent barring his § 924(e) claim. (*See* doc. 1 at 7-8, 13.) However, as set forth above, following *Begay and Descamps*, the Sixth Circuit has continued to hold that a Class D burglary conviction under Tenn Code § 13-49-402(a)(1) to (a)(3), is a violent felony under the enumerated crimes clause of the ACCA. As of this date, the Sixth Circuit precedent that forecloses Jabal's claims has not been overturned by the Supreme Court.

Also, Jabal argues that his prior burglary convictions are not violent felonies under the ACCA because they "fall under the residual clause" invalidated in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Jabal was sentenced under the ACCA because his prior burglary convictions, Class D felonies, were considered violent felonies under the enumerated-crimes clause. (Doc. 8-1 at 3-4.) He has presented nothing to demonstrate

11

otherwise.  The Supreme Court in *Johnson* held "that imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015).  However, the Court specifically stated that its "decision [did] not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."  *Id*. at 2563.  Therefore, the court finds that *Johnson* did not overturn the Sixth Circuit precedent that established the Class D burglary convictions under § 39-14-402(a) were convictions for violent felonies under the enumerated-crimes clause of the ACCA.  The Sixth Circuit's holding on direct appeal – that Jabal's prior convictions for Class D burglaries were prior convictions for violent felonies under the enumerated-crimes clause of the ACCA and, thus, could be considered in enhancing his sentence – was not overturned by *Johnson*.

Based on the foregoing, the court finds that Jabal has failed to show that, subsequent to his first § 2255 proceeding, the Supreme Court "overturned . . . Circuit precedent that had squarely foreclosed [his] § 924(e) claim," as required to satisfy the second *Bryant* element, *Bryant*, 738 F.3d at 1274.   Therefore, this court lacks jurisdiction to entertain Jabal's § 2241 habeas petition pursuant to the savings clause of § 2255(e).

## CONCLUSION

For the foregoing reasons, the court is of the opinion that the petition for a writ of habeas corpus is due to be dismissed without prejudice for want of jurisdiction.  An Order dismissing Jabal's petition will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 14th day of December, 2016.

_Sharon Lovelace Blackburn_
SHARON  LOVELACE  BLACKBURN
SENIOR UNITED STATES DISTRICT JUDGE